UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>    v.<br><br>52" SAMSUNG FLAT SCREEN<br>TELEVISION, MODEL NO.<br>LN52A650A1FXZA, SERIAL NO.<br>ALOT3CFQ7023042T,<br><br>               Defendant. | 1:08-cv-1534-OWW-SMS<br><br>FINDINGS AND RECOMMENDATIONS RE:<br>PLAINTIFF'S MOTION FOR DEFAULT<br>JUDGMENT (DOC. 25) |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19).

I. Background

In the complaint filed on October 10, 2008, it is alleged that this Court has jurisdiction over this action to forfeit a flat screen television, Model No. LN52A650A1FXZA, Serial No. ALOT3CFQ7023042T, pursuant to 21 U.S.C. § 881(a)(6), which authorizes forfeiture of things of value furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all things used or intended to be used to facilitate other controlled

1

substance violations. (Cmplt. ¶ 1.)

Plaintiff filed an ex parte application for default judgment and memorandum of points and authorities on March 3, 2009, and a supplement with a supplemental declaration on May 5, 2009. (Docs. 25, 28-29). By separate order the Court has vacated the hearing on the motion and has deemed the motion submitted for decision.

II. <u>Default Judgment</u>

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, <u>id.</u>; the sufficiency of the allegations in the complaint to support judgment, <u>Alan Neuman Productions, Inc.</u>, 862 F.2d at 1392; the amount in controversy,

2

1  Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a
2  dispute concerning material facts, id.; whether the default was
3  due to excusable neglect, id.; and, the strong policy underlying
4  the Federal Rules of Civil Procedure that favors decisions on the
5  merits, id.

### III. Publication and Notice

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (Supp. R.) apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(1). Supp. R. G(1) provides that the rule governs a forfeiture action in rem arising from a federal statute; to the extent that Rule G does not address an issue, Supp. Rules C and E also apply.

The provisions of Rule G(4) with respect to notice are as follows:

> (4) Notice.
>
> (a) Notice by Publication.
>
> (i) When Publication Is Required. A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders. But notice need not be published if:
>     (A) the defendant property is worth less than $1,000 and direct notice is sent under Rule G(4)(b) to every person the government can reasonably identify as a potential claimant; or
>     (B) the court finds that the cost of publication exceeds the property's value and that other means of notice would satisfy due process.
>
> (ii) Content of the Notice. Unless the court orders otherwise, the notice must:
>     (A) describe the property with reasonable particularity;
>     (B) state the times under Rule G(5) to file a claim and to answer; and
>     (C) name the government attorney to be served with the claim and answer.

3

```
       (iii) Frequency of Publication. Published notice
    must appear:
          (A) once a week for three consecutive weeks; or
          (B) only once if, before the action was filed,
    notice of nonjudicial forfeiture of the same property
    was published on an official internet government
    forfeiture site for at least 30 consecutive days,
    or in a newspaper of general circulation for three
    consecutive weeks in a district where publication is
    authorized under Rule G(4)(a)(iv).

       (iv) Means of Publication. The government should select
    from the following options a means of publication
    reasonably calculated to notify potential claimants
    of the action:
          (A) if the property is in the United States,
    publication in a newspaper generally circulated in the
    district where the action is filed, where the property
    was seized, or where property that was not seized is
    located;
          (B) if the property is outside the United States,
    publication in a newspaper generally circulated in a
    district where the action is filed, in a newspaper
    generally circulated in the country where the property
    is located, or in legal notices published and generally
    circulated in the country where the property is located;
    or
          (C) instead of (A) or (B), posting a notice on an
    official internet government forfeiture site for at
    least 30 consecutive days.

    (b) Notice to Known Potential Claimants.

       (i) Direct Notice Required. The government must send
     notice of the action and a copy of the complaint to any
    person who reasonably appears to be a potential claimant
     on the facts known to the government before the end of
     the time for filing a claim under Rule G(5)(a)(ii)(B).

       (ii) Content of the Notice. The notice must state:
          (A) the date when the notice is sent;
          (B) a deadline for filing a claim, at least 35
    days after the notice is sent;
          (C) that an answer or a motion under Rule 12
    must be filed no later than 20 days after filing
    the claim; and
          (D) the name of the government attorney to be
    served with the claim and answer.

       (iii) Sending Notice.
          (A) The notice must be sent by means reasonably
    calculated to reach the potential claimant.
          (B) Notice may be sent to the potential claimant
    or to the attorney representing the potential claimant
    with respect to the seizure of the property or
```

4

```
           in a related investigation, administrative forfeiture
           proceeding, or criminal case.
                (C) Notice sent to a potential claimant who is
           incarcerated must be sent to the place of incarceration.
                (D) Notice to a person arrested in connection with
           an offense giving rise to the forfeiture who is not
           incarcerated when notice is sent may be sent to
           the address that person last gave to the agency
           that arrested or released the person.
                (E) Notice to a person from whom the property
           was seized who is not incarcerated when notice is sent
           may be sent to the last address that person gave to
           the agency that seized the property.

           (iv) When Notice Is Sent. Notice by the following means
           is sent on the date when it is placed in the mail,
           delivered to a commercial carrier, or sent by
           electronic mail.
           (v) Actual Notice. A potential claimant who had
           actual notice of a forfeiture action may not oppose
           or seek relief from forfeiture because of the government's
           failure to send the required notice.
```

Supp. R. G(4).

In addition, Local Rule A-540(a) requires that a party seeking a default judgment in an action in rem shall show to the satisfaction of the Court that due notice of the action and arrest of the property has been given by publication pursuant to Local Rule A-530, and by personal service on the person having custody of the property or on the person having custody prior to its possession by a law enforcement agency or officer, and by personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

Pursuant to a warrant of arrest, the Defendant currencies were arrested on or about November 5, 2008. (Docs. 5, 7-8.)

5

    Local Rule A-530 refers to Local Rule 83-171, which in turn refers to a court order for publication in a newspaper or other vehicle identified by the Court. Here, this requirement was met by the Court's order of October 20, 2008, directing publication by posting notice on a government website.

    Plaintiff submitted documents establishing publication in the form of posting the notice of civil forfeiture on the official government internet site (www.forfeiture.gov) for thirty days beginning October 24, 2008, and continuing for at least eighteen hours per day until November 22, 2008. The amended declaration of publication of Elisa Rodriguez reflects that Rodriguez caused a notice of forfeiture, a copy of which is attached to the declaration as Attachment 1, to be published on the official government internet site. The notice of forfeiture contains the information required by Supp. Rule G(4). Rodriguez further declared that she printed Attachment 2, an Advertisement Certification Report, from the Department of Justice Consolidated Asset Tracking System (CATS), a database designed to track, throughout the forfeiture life-cycle, assets seized by federal law enforcement agencies. The report itself states that the notice of publication was available on the web site for at least eighteen hours per day between October 24, 2008, and November 22, 2008. It refers to a summary report in chart form that follows as identifying the "uptime" for each day within the publication period and reporting the results of the web monitoring system's daily check that verifies that the advertisement was available each day. (Id.)

    Fed. R. Evid. 902(5) provides that extrinsic evidence of

6

authenticity as a condition precedent to admissibility is not required with respect to books, pamphlets, or other publications purporting to be issued by public authority. Records from government web sites are self-authenticating under this provision. <u>Hispanic Broadcasting Corp. v. Educational Media</u>, 2003 WL 22867633, *5 n. 5 (C.D.Cal. 2003); <u>Paralyzed Veterans of America v. McPherson</u>, 2008 WL 4183981, *7 (N.D.Cal. 2008).

Rodriguez's statement that she caused the notice to be published on the website shows the source of the notification data, relates it to the official website, and warrants a conclusion that there was publication of the notice on the web site.

The Court is given no information concerning the operation of the tracking system or of the precise method of the preparation of the advertisement certification report. Because it is not known how the data in the report of publication were collected, it is not possible to know whether or not it involves any statement by a "person," as is required by Fed. R. Evid. 801(c) and (a), and thus presents any hearsay issues.

However, even if it is assumed that there is hearsay, Fed. R. Evid. 803(8) provides that various statements are not excluded by the hearsay rule, including the following:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth
> A) the activities of the office or agency, or
> B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or
> C) in civil actions and proceedings and against the Government in criminal cases, factual findings

7

>     resulting from an investigation made pursuant
>     to authority granted by law, unless the sources
>     of information or other circumstances indicate
>     lack of trustworthiness.

The advisory committee note to the 1972 proposed rules indicates that the justification for the exception is the assumption that a public official will perform his or her duty properly and the unlikelihood that he or she will remember details independently of the record; further, records of regularly conducted activities are generally reliable.

The United States Post Office's delivery confirmation printout from a computer is admissible under Fed. R. Evid. 803(8)(A) as a record of the activity (mail delivery) of the public agency. <u>Chapman v. San Francisco Newspaper Agency</u>, 2002 WL 31119944 (N.D.Cal. 2002). Even though the Court has received minimal information concerning the statutory context in which the forfeiture web site operates and the nature and extent of its operations, the Court considers the amended declaration to be sufficient to warrant application of Rule 803(8)(A). The declaration identifies the public agency involved and its general activity. Considering all the facts and circumstances, the Court concludes that Plaintiff has submitted information sufficient to warrant a trier of fact in concluding that the report is from a public agency regarding the agency's activities.

Once a judge finds sufficient evidence of authenticity and admits the documentary evidence, the trier of fact makes its own determination of 1) the authenticity of the admitted evidence (and is thus free to disbelieve the proponent's evidence of authenticity despite the Court's preliminary determination), and

8

2) the weight to which it feels the evidence should be given. <u>Alexander Dawson, Inc. v. N.L.R.B.</u>, 586 F.2d 1300, 1302 (9th Cir. 1978).

Here, the Court has very limited information concerning the web site, and it has no information about the operation of the website or its context and thus cannot evaluate the reliability of the report in any intelligent fashion. However, a trial court may assume that public records are authentic and trustworthy; the burden of establishing otherwise falls on the opponent of the evidence, who must come forward with enough negative factors to persuade a court that a document should not be admitted. <u>Gilbrook v. City of Westminster</u>, 177 F.3d 839, 858 (9th Cir. 1999) (quoting <u>Johnson v. City of Pleasonton</u>, 982 F.2d 350, 352 (9th Cir. 1992)).

In light of the fact that this issue arises in connection with an unopposed application for default judgment, and further considering the absence of circumstances that would raise issues concerning the trustworthiness of the specific report, the Court will conclude that Plaintiff has submitted sufficient information to warrant a conclusion that adequate publication occurred. However, the Court notes the complete absence of any information concerning the programming or working of the website, and thus, should any concerns concerning reliability, accuracy, or trustworthiness arise, there is no information upon which to base a particularized finding.[1]

---

[1] The Court anticipated the submission of additional <u>evidence</u> concerning the operation of the website, but instead the government submitted a <u>brief</u> that asserted factual matter but was not accompanied by any declaration or other evidentiary support for the assertions. The Court reminds the government that legal memoranda and oral argument are not evidence. <u>British Airways Bd. v. Boeing Co.</u>, 585 F.2d 946, 952 (9th Cir. 1978).

1    With respect to other notice, certifications of the Marshal
2 reflect that Elisa Leal and Vanessa Leal were personally served
3 with the necessary documents on November 5, 2008 (Doc. 9);
4 Johanna Leal was personally served on November 6, 2008 (Doc. 10);
5 and Jorge Leal was personally served with the necessary documents
6 on November 10, 2008 (Doc. 11).
7    Accordingly, it appears that adequate notice was proved.
8    IV. <u>Sufficiency of the Complaint</u>
9    Title 21 U.S.C. § 881(a)(6) provides for the forfeiture of
10 all money, negotiable instruments, securities, or other things of
11 value furnished or intended to be furnished in exchange for a
12 controlled substance or listed chemical in violation of the
13 subchapter, all proceeds traceable to such an exchange, and all
14 money, negotiable instruments, and securities used or intended to
15 be used to facilitate any violation of the subchapter.
16    Title 21 U.S.C. § 881(b) provides that any property subject
17 to forfeiture under the section may be seized by the Attorney
18 General in the manner set forth in 18 U.S.C. § 981(b).
19    Supp. R. G(2) states the following with respect to a
20 complaint in an action in rem arising from a federal statute:

>     (2) Complaint. The complaint must:
>     (a) be verified;
>     (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
>     (c) describe the property with reasonable particularity;
>     (d) if the property is tangible, state its location when any seizure occurred and -- if different -- its location when the action is filed;
>     (e) identify the statute under which the forfeiture action is brought; and
>     (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

1      Here, it was alleged in the complaint that the Defendant
2 property, consisting of a specified flat screen television,
3 constituted a thing of value furnished or intended to be
4 furnished by any person in exchange for a controlled substance,
5 proceeds traceable to such an exchange, and/or a thing used or
6 intended to be used to facilitate other controlled substance
7 violations pursuant to 21 U.S.C. § 841 et seq. (Cmplt. ¶ 1.) The
8 complaint details information transmitted to the FBI concerning
9 drug trafficking activities in Hawaii of Jorge Leal and his
10 female couriers beginning in 2005; facilitation by a confidential
11 source of the purchase of three ounces of crystal methamphetamine
12 by an undercover FBI employee from Jorge Leal for $11,000 in
13 early December, 2007; purchase by the undercover employee of four
14 ounces of crystal methamphetamine from Leal for $16,000 in late
15 December 2007; surveillance of Leal in 2008 resulting in
16 identification of two residences, including one at 28542 Pittman
17 Hill Road, Clovis, California; indictment of Jorge Leal in August
18 2008; and execution of a search warrant at the Pittman Hill Road
19 residence on August 13, 2008, which resulted in discovery of
20 documentation of a bank deposit of $29,000 in October 2007 by
21 Johanna Leal, Jorge's adult daughter; of travel and
22 communications to and from Hawaii by Jorge and Johanna; of four
23 California driver's licenses with Johanna Leal's photograph but
24 with each bearing a different name; of luxury vehicles fully paid
25 for and driven by family members; and of materials describing the
26 manufacture of methamphetamine. (Id. ¶¶ 5-12.)
27      It was further alleged that in the livingroom of the
28 residence, agents discovered the Defendant television, still in

11

the manufacturer's packaging, which Johanna Leal stated was a gift from Jorge Leal a few days before. (Id. ¶ 11.) Further, it was alleged that EDD records revealed that Jorge Leal had not worked for two years, and his adult daughters, Johanna and Vanessa, had not worked for the past two years; his wife, Elisa, had been receiving $450.00 biweekly for a year as disability compensation; and income tax and other public records, as well as indicia at the residence, reflected that Leal and his family would be unable to afford the lifestyle without an additional, unknown source of income, such as drug proceeds. (Id. ¶ 13.)

The complaint was verified. (Cmplt. p. 5.) The complaint stated facts sufficient to demonstrate jurisdiction in this Court pursuant to 28 U.S.C. § 1355 because it was alleged that the Defendant television was subject to forfeiture pursuant to federal statute; 28 U.S.C. § 1355(a) provides that district courts shall have original jurisdiction of any action or proceeding for the recovery or enforcement of any forfeiture incurred under any Act of Congress; and § 1355(b) provides that a forfeiture action or proceeding may be brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or any other district where venue is specifically provided for in § 1395 or any other statute. Section 1395(b) expressly provides that a civil proceeding for forfeiture of property may be prosecuted in any district where the property is found. Thus, grounds for jurisdiction and venue are stated.

Further, the property is described by serial and model number and by the location and date of seizure; thus, the

property's location is sufficiently identified. Finally, the statute under which the forfeiture action is brought, namely, § 21 U.S.C. § 881(a)(6), is identified. The formal requirements of Rule G(2) have been met.

As to the allegations required by the statute under which the action is brought, under CAFRA, the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1).

Title 21 U.S.C. § 881(a)(6) provides for the forfeiture of money or things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or all proceeds traceable to such an exchange, or money used or intended to be used to facilitate any violation concerning controlled substances. The allegations of the complaint reflect the use of multiple residences and multiple aliases or identities by Jorge and Johanna Leal; a series of sales of large quantities of methamphetamine to undercover agents that earned large sums of money; indictment of Jorge Leal; material on manufacture of amphetamines; use of paid-for, luxury vehicles by all members of the family; and an absence of a legitimate source of income for any member of the family with the exception of only approximately $900.00 per month for one of the family members, an amount insufficient to support the apparently lavish lifestyle of the occupants. It was expressly alleged that the family members would be unable to afford the lifestyle without additional income. Further, it is expressly alleged that the defendant property was proceeds traceable to an exchange of controlled substances.

Accordingly, the Court concludes that sufficient facts were

13

alleged to support a reasonable belief that the Plaintiff can establish that Defendant television is subject to forfeiture under the preponderance of the evidence standard. <u>See</u>, Supp. R. G(2), Advisory Committee Note, 2006 Adoption (citing <u>United States v. Mondragon</u>, 313 F.3cd 862 (4th Cir. 2002), to the effect that Supp. R. G(2)(f) carries forward the standard that the complaint must state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial). The Court notes that it is not necessary to tie the property to proceeds of a particular identifiable illicit drug transaction. <u>United States v. 1982 Yukon Delta Houseboat</u>, 774 F.2d 1432, 1435 (9th Cir. 1985).

  V. <u>Propriety of Default Judgment</u>

  The declarations submitted by Autumn Magee establish that none of the persons with an interest in the defendant properties or potential claimants is an infant, incompetent, or member of the armed services. Further, although the time for filing a claim and/or answer has passed, there have been no claims or answers filed by Vanessa Leal, Jorge Leal, Johanna Leal, or Elisa Leal in response to the complaint. Further, no other claimants have indicated any interest in these proceedings. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiff has shown its entitlement to a default judgment of forfeiture with respect to all persons with an interest or potential interest in the Defendant television set.

### VI. Form of the Judgment

With respect to the form of the judgment, Plaintiff has established that it is entitled to a judgment against the property, Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581 (1931), affecting the interests of all persons in the property, Hanson v. Denkla, 357 U.S. 235, 246 n.12 (1958).

### VII. Recommendation

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment be GRANTED;

2. Plaintiff is entitled to, and the Clerk be directed to enter, a judgment that:

   (a) The interest/s of Elisa Leal, Vanessa Leal, Johanna Leal, and Jorge Leal in the Defendant properties are CONDEMNED and FORFEITED to the United States of America;

   (b) The right, title, and interest of all potential claimants in the Defendant properties are FORFEITED to the United States of America pursuant to 21 U.S.C. § 881(a)(4), and are VESTED in the United States; and,

   (c) All persons claiming any right, title, or interest in or to the Defendant properties have DEFAULTED and no longer have any right, title, or interest in the Defendant property whatsoever; and,

3. The Clerk of Court ENTER final judgment of forfeiture for Plaintiff United States of America.

15

1    These findings and recommendation are submitted to the
2  United States District Judge assigned to the case, pursuant to
3  the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
4  the Local Rules of Practice for the United States District Court,
5  Eastern District of California. Within thirty (30) days after
6  being served with a copy, any party may file written objections
7  with the court and serve a copy on all parties. Such a document
8  should be captioned "Objections to Magistrate Judge's Findings
9  and Recommendation." Replies to the objections shall be served
10 and filed within ten (10) court days (plus three days if served
11 by mail) after service of the objections. The Court will then
12 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
13 (b)(1)(C). The parties are advised that failure to file
14 objections within the specified time may waive the right to
15 appeal the District Court's order. Martinez v. Ylst, 951 F.2d
16 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED:     June 23, 2009

                              By      /s/ Sandra M. Snyder
                                   SANDRA M. SNYDER
                                   United States Magistrate Judge

16